# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| PRINCE CHARLES COTTON, SR., <br>    Petitioner, | Case No. 1:15-cv-385 |
| vs | Black, J. <br>Bowman, M.J. |
| CLERK, SIXTH CIRCUIT <br>COURT OF APPEALS, <br>    Respondent. | **ORDER AND REPORT <br>AND RECOMMENDATION** |

Petitioner, an inmate at the Mansfield Correctional Institution, has filed a petition for a writ of mandamus against respondent Deborah S. Hunt, Clerk of the United States Court of Appeals for the Sixth Circuit.  This matter is before the Court on petitioner's motion for leave to proceed *in forma pauperis* (Doc. 1) and petition for a writ of mandamus.  It appears from petitioner's affidavit that he lacks the funds to pay the costs or give security for such costs.  The Court therefore **GRANTS** the motion (Doc. 1) and hereby authorizes the commencement of this action without prepayment of fees or costs.  However, because the undersigned determines the Court is without jurisdiction over the petition for a writ of mandamus, it is recommended that this matter be dismissed.[1]

Pursuant to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  In this case, petitioner alleges that although he mailed documents to the Court of Appeals on July 31, 2014, the Sixth Circuit claimed the documents were not received until October 10, 2014.  (Petition, Doc. 1-1 at PageID 11).  The petition includes several other claims regarding delays in docketing petitioner's

---

[1] Where there is no basis for federal jurisdiction apparent on the face of a complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).  *See Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880 at **2 (6th Cir. 1999).

pleadings and the Sixth Circuit's failure to stamp, file, and return extra copies of his documents. (*See id.* at PageID 11–12).

As relief, petitioner seeks this Court to issue a writ of mandamus compelling respondent to acknowledge petitioner's pleadings and to stamp, file and return the documents to him. (*Id.* at PageID 13).

The federal district courts do not have jurisdiction to issue a writ of mandamus against the clerks or judges of a higher court. *See Trackwell v. United States Government*, 472 F.3d 1242 (10th Cir. 2007). In *Trackwell,* the plaintiff sought mandamus relief in the district court against the Supreme Court and its Clerk, alleging that the Clerk of the Court had improperly refused to file and transmit to Justice Stephen Breyer an application that the plaintiff had submitted challenging the constitutionality of the Iraq War. The Tenth Circuit examined the mandamus statute, 28 U.S.C. § 1361, which grants district courts original jurisdiction over any action in the nature of mandamus brought to compel the performance of a duty owed to a plaintiff by "an officer or employee of the United States or any agency thereof." 472 F.3d at 1245. The Court of Appeals determined that "[j]urisdiction exists for Mr. Trackwell's claim against the Supreme Court only if the Court is an 'agency.'" *Id*. After considering both the language and relevant policy concerns underlying the mandamus statute, the *Trackwell* Court concluded that federal courts are not "agencies" of the Government and held that § 1361 "does not apply to courts or to court clerks performing judicial functions." 472 F.3d at 1243. The Court stated:

> For a district court to issue a writ of mandamus against an equal or higher court would be remarkable. As Justice Harlan wrote in his concurrence in *Chandler v. Judicial Council of Tenth Circuit,* 398 U.S. 74, 94, 90 S.Ct. 1648, 26 L.Ed.2d 100 (1970), "§ 1361 . . . extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals."

*Trackwell*, 472 F.3d at 1246. The *Trackwell* Court held that clerks acting in their official capacity as officers of a court—assisting the court in its judicial functions by performing delegated tasks—should be treated as the court itself in construing § 1361. The Court of Appeals determined that since the Clerk was "being asked to perform a judicial function delegated by the Supreme Court—the filing of an application"—the district court lacked jurisdiction to consider the plaintiff's request for § 1361 mandamus relief. *Id*. at 1247. *See also In re Marin,* 956 F.2d 339, 340 (D.C. Cir. 1992) (noting that district court "lacked subject matter jurisdiction to review any decision of the Supreme Court or its Clerk"); *Panko v. Rodak,* 606 F.2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action. [28 U.S.C. § ]1361 seems to grant jurisdiction; but, if read literally, the language of § 1361 would allow a district court to issue mandamus directly against the Justices of the Supreme Court themselves.").

Likewise, this Court lacks jurisdiction over petitioner's request for § 1361 mandamus relief against respondent, Clerk of the Sixth Circuit Court of Appeals, who allegedly refused to timely docket or return copies of petitioner's pleadings to him. Issuance of a writ of mandamus would be tantamount to directing the actions of the Court of Appeals itself, which this Court is without the authority to do.[2] Accordingly, petitioner's request for mandamus relief cannot be granted, and his application for a writ of mandamus should be **DISMISSED** for lack of jurisdiction.

---

[2] To the extent that petitioner moves for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651, the Court likewise has no authority to grant a writ directed to a higher court.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petitioner's mandamus petition be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PRINCE CHARLES COTTON, SR.,  　　　Case No. 1:15-cv-385
　　　Petitioner,

　　　　　　　　　　　　　　　　　　　Black, J.
vs　　　　　　　　　　　　　　　　　　Bowman, M.J.

CLERK, SIXTH CIRCUIT
COURT OF APPEALS,
　　　Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).